## CRAIN v. WEST TEXAS UTILITIES CO.
### No. 2707.

Court of Civil Appeals of Texas. Eastland.
March 4, 1949.

Rehearing Denied March 25, 1949.

R. P. Haun and John O. Harris, both of Coleman, for appellant.

Garland Woodward, of Coleman, and Wagstaff, Harwell, Wagstaff & Alvis, of Abilene, for appellee.

LONG, Justice.

Drew Crain instituted this suit against West Texas Utilities Company for damages to his residence in Talpa, Coleman County, Texas, which he alleged was caused by the defendant in blasting a hole near his residence for the purpose of installing an electric light pole on December 22, 1946. The jury found, in answer to special issues, (a) that the defendant did not use an excessive amount of explosive in blasting the hole; (b) that defendant did not fail to use ordinary care in determining the amount of explosive used; (c) that the defendant did not fail to use that degree of caution to avoid damage to plaintiff's house as an ordinary prudent person would have used under same or similar circumstances; (d) that there was no difference in the reasonable cash market value of plaintiff's house immediately before the explosion and immediately after such explosion. Judgment was for the defendant, from which plaintiff has appealed.

■ While plaintiff was testifying, counsel for defendant asked him if he was carrying explosion insurance on his house. The court sustained the objection of counsel for plaintiff to such question and instructed the jury not to consider it for any purpose. Thereafter, counsel for plaintiff asked permission of the court to withdraw his objection to the evidence and to permit plaintiff to explain to the jury that he had filed suit against the defendant and had not filed suit on his builder's risk insurance policy for the reason that it had lapsed by the passing of more than ninety days before he fully ascertained his damage. When the question of insurance was injected into the case, counsel for plaintiff did not ask permission of the court to withdraw his announcement of ready for trial and request the court to declare a mistrial. Assuming without deciding that it was error for counsel to ask the plaintiff about insurance on his house, we are of the opinion that such error, if any, was waived by plaintiff when he failed to ask the court to declare a mistrial. It was so held by our Supreme Court in the recent case of Ford v. Carpenter, 216 S.W. 2d 558. Furthermore, plaintiff withdrew his objection to such evidence. The court did not commit error in refusing to allow plaintiff to explain to the jury why he had not filed suit on his builder's risk insurance policy. This evidence was not material upon any issue in the case. If plaintiff had attempted to prove that he did carry builder's risk insurance on his house, certainly such evidence would not have been admissible. When defendant attempted to prove this fact plaintiff objected and the court properly sustained the objection. If plaintiff desired to preserve his point to the asking of the question, it was necessary that he move for a mistrial. Failing in this it was not error for the court to refuse to permit him to go into why he had not filed suit on his insurance policy and bring into the case evidence that would shed no light upon any of the issues therein.

■ We also are of the opinion that no error is shown in point 2 wherein plaintiff complains of the action of the trial court in sustaining an objection to a question propounded by counsel for plaintiff to W. O. Wallace, a witness for the defendant, as follows:

"Q. Did Mr. Crain tell you he had a builder's risk insurance policy?"

We cannot perceive upon what issue the above question or an answer thereto would be pertinent or upon what it would shed any light. As to whether the plaintiff told Mr. Wallace about a builder's risk insurance policy, to our mind would be wholly irrelevant, immaterial and hearsay. The action of the court in sustaining the objection was correct.

■ The plaintiff assigns as error the failure of the trial court to submit the following issues requested by him:

"No. 1. Do you find from a preponderance of the evidence that the Defendant, by blasting for the light pole described in plaintiff's petition, on or about December 22nd, 1946, caused damages to plaintiff's dwelling house?

"No. 2. If you have answered the above question 'Yes' then state the amount of such damages in dollars and cents.

"In connection with the above issue, you are instructed that under the law, if the defendant, in the way and manner in which it blasted caused the earth to tremor and

thereby disturb plaintiff's lateral support it would be liable for resulting injuries."

It will be noted that issue No. 1 does not contain any element of negligence. Before the plaintiff could recover in this case, it was necessary that he allege and prove negligence on the part of the defendant. Standard Paving Co. v. McClinton, Tex.Civ.App., 146 S.W.2d 466; Indian Territory Illuminating Oil Co. v. Rainwater, Tex.Civ.App., 140 S.W.2d 491.

■ Consequently, issue No. 1, if answered favorably to the plaintiff, could not have been the basis for a judgment.

■ Issue No. 2 should not have been given for the reason that the court submitted to the jury in his main charge the difference in the market value of plaintiff's house immediately before and immediately after the explosion. This was the measure of damage plead by plaintiff and recognized by all of the authorities. Further, issue No. 2 on the question of damages is not followed by any instruction to the jury wherein the jury was told the way and manner in which to measure the damages to plaintiff's house. In other words, the jury is left without any yard stick or guide in determining the amount of damage. The court correctly refused to submit either of the above issues.

■ By point 4 plaintiff complains of the action of the trial court in refusing to submit the following requested issue: "Do you find from a preponderance of the evidence that the use of explosives in creating the hole in question, instead of some controllable means was negligence on the part of defendant, its agents, servants and employees, under all the circumstances at the time and place in question."

There was no request by the plaintiff for a finding as to whether the negligence inquired about in the above issue was a proximate cause of plaintiff's damages to his house. Thus it will be seen that this issue, standing alone, could not form the basis of a judgment for plaintiff and that without a finding of proximate cause, a favorable answer to the issue requested would have been immaterial. The action of the trial court in refusing to submit the issue is approved.

What has been said with reference to the issue complained of in point 4 is applicable to the issue requested and refused by the court set out in point 5 as follows: "Do you find from a preponderance of the the evidence that the use of explosives in creating the hole in question, under all the circumstances at the time and place in question, was negligence on the part of defendant, its agents, servants and employees."

There was no requested issue on proximate cause and point 5 is overruled.

■ By point 6, 8, and 9, complaint is made to the following argument to the jury by counsel for defendant:

"Gentlemen, in considering this case, you may consider what we all know; that these trains running around here shake these buildings with a great deal more force than occurred in this case."

. * * * * * *

"As that train passing along down here; all of you can feel that sensation; maybe some of you have felt the sensation caused by the train. If this shaking was to cause trouble this old court house would be shattered."

* * * * * *

"—these freight trains shake these houses."

Plaintiff objected to the above argument. The court overruled the objection and refused to instruct the jury not to consider the same. There was evidence that trains passing through Coleman rattled the windows and jarred the buildings there. The evidence showed that the blast of dynamite complained of by the plaintiff which he claimed damaged his house, caused the ground to quiver and vibrate. Counsel was comparing the vibration caused by the trains to the vibration caused by the explosion in question. The argument was based upon evidence in the record without objection. We believe that reversible error is not shown by these points and the same are accordingly overruled.

■ By point 7 error is predicated upon the following argument of counsel: "You can take into consideration what you know from your personal experience and observations."

The court sustained the objection of plaintiff to the argument and instructed the jury not to consider it. If the argument was objectionable, we are of the opinion that the court's instructions to the jury not to consider it was sufficient to remove any harm incurred by plaintiff by reason thereof. This point is overruled.

By other points plaintiff complains of the action of the trial court in admitting certain testimony over his objection. We have given all of these points our careful consideration and it is our opinion that reversible error is not presented in any of them and they are hereby overruled.

Plaintiff seeks to invoke the rule that where the record shows a number of prejudicial instances occurring on the trial, no one instance being sufficient to call for a reversal, yet all of the instances, when taken together, may do so.

We have examined all of the points raised by the plaintiff and it is our opinion that reversible error is not shown when said points are considered alone or when taken together.

The judgment is affirmed.