James R. YOUNG, Appellant,

v.

TEXAS AND PACIFIC RAILWAY COM-
PANY and Southern Pacific Railroad
Company, Appellees.

No. 5437.

Court of Civil Appeals of Texas.

El Paso.

May 24, 1961.

John J. Watts and Thomas A. Sneed, Odessa, for appellant.

Scott, Hulse, Marshall & Feuille, El Paso, and Baker, Botts, Andrews & Shepherd, Houston, of counsel, for Southern Pac. R. R. Co.

Kemp, Smith, Brown, Goggin & White, El Paso, for Texas & Pac. Ry. Co.

ABBOTT, Justice.

Appellant, plaintiff below, brought suit against appellees, defendants below, charging appellee Texas and Pacific Railway Company with violations of 45 U.S.C.A. §§ 1 et seq., 51 et seq., generally known as the Safety Appliance Act, and Federal Employers' Liability Act, and charging appellee Southern Pacific Railroad Company under what is generally known as appellant's rights under the common law of the State of Texas, for injuries received while appellant was an employee of the Texas and Pacific Railway Company. The jury found Texas and Pacific Railway liable and awarded a judgment in the amount of $9,-000 against it, and also found that the Southern Pacific Railroad Company was not liable and ordered that appellant take nothing as to it. From that judgment appellant has perfected his appeal, and is properly before this court.

Appellant alleged that about 3:30 A.M., on October 28, 1958, he was engaged in the scope of his employment as a switchman for Texas and Pacific; that he mounted the step of a moving freight car, and that the sill step broke and gave way without any warning and that, as a result, he dropped with his entire weight. He alleged that he was holding on to a grab iron, or hand-iron, and that when his weight dropped suddenly, his grip on the hand-iron prevented him from dropping to the ground, but jerked his back, arms and neck, causing the injuries complained of. He alleged that the freight car was owned by Southern Pacific, and had been transferred to Texas and Pacific.

From the award aforementioned, appellant has assigned fourteen points of error:

### "First Point

"The Court erred in permitting the Defendant, Texas and Pacific Company to read to the Jury over the objection of the *Jury* a pleading to the effect that the Plaintiff's injuries were the result of an unavoidable accident in that this case involved a violation of the Safety Appliance Act and such defense was not available to the Defendant as a matter of law and the reading of same was highly prejudicial to the Plaintiff.

### "Second Point

"The Trial Court erred in permitting defense counsel Schuyler B. Marshall to ask the following hypothetical Question:

"'Assume, Doctor that this box car came along at approximately four to six miles an hour, that this sill step is about twenty-one inches off the ground; that Mr. Young stepped on the sill step, took ahold of the grab iron with his left hand about the heighth of his head; that one side of the sill step came loose from the side of that car and bent down, that the step did not fall off the car, that Mr.

Young did not fall to the ground, that Mr. Young rode on that car for approximately a car length and then stepped down to the ground. Assume that to be the facts of this accident. In your opinion, could that cause any injury to his neck?'

"In this connection, Plaintiff would show that objection was well taken and that the asking of the question was prejudicial to the Plaintiff in that it was an attempt to intimate that the Plaintiff had had no accident at all.

## "Third Point

"The Trial Court erred in permitting the defense attorney, Schuyler B. Marshall, to intimate in the presence of the Jury that counsel for the Plaintiff was trying to tell the witness, Dr. Ettl, what to testify to and that the action of the court in permitting such remark to stand, plus the action in overruling the objection to the question, were all highly prejudicial to the Plaintiff.

## "Fourth Point

"The Trial Court erred in permitting the witness, R. L. Eiland, to testify that nothing could be seen of a break in the sill step before the accident and in this connection, Plaintiff would show that the defendant Texas and Pacific Railway Company, was trying to mitigate damages in this case when the question of negligence was not a defense to the Texas and Pacific Railway Company and hence said evidence was highly improper and prejudicial to Appellant and served to bring about the inadequate award in this case.

## "Point Five

"The Trial Court erred in failing to explain to the witness, Mrs. Young, that she had the right to explain her answer and further erred in his remarks to the Jury that he was going to permit the examination of the witness by Mr. Schuyler Marshall just as he had been examining her and that any information that she wanted to bring out could be brought out on direct examination. And in this connection, Plaintiff would show that the action of the Court was highly prejudicial to Appellant.

## "Point Six

"The Trial Court erred in sustaining objection to question by Plaintiff's counsel regarding the transportation expenses of Doctor Breck as showing the bias of the witness.

## "Point Seven

"The Honorable Trial Court erred in refusing to permit Plaintiff's counsel to ask questions of the witness, Doctor Breck, regarding his bias in the following connections:

"a. His failure to recognize a medical book as a standard medical text;

"b. The fact that he has testified in a number of cases over the years and in none of them ever found any injury or anything wrong with the Plaintiff. In this connection Plaintiff would show that the above was highly material to show the bias and prejudice of the witness.

## "Point Eight

"The Honorable Trial Court erred in refusing to permit Plaintiff's counsel to examine the witness, Mrs. Harold McDonald out of the presence and hearing of the jury, because the mere asking of the questions Defense Counsel wanted to ask were prejudicial to the Plaintiff, and the Trial Court erred in permitting the Defendant's counsel to place Plaintiff's counsel in the position of having to object in the presence of the jury to inadmissible photographs, that such was highly prejudicial to the Plaintiff.

## "Point Nine

"The Honorable Trial Court erred in refusing Plaintiff's counsel to cross-examine the witness, Mrs. Harold McDonald as regards the tendency of all people to have headaches.

## "Point Ten

"The Honorable Trial Court erred in permitting the witness, J. Kobern, to testify about the composition of the Board of Managers of the hospital when the rules of said hospital were the best evidence of same.

## "Point Eleven

"The Honorable Trial Court erred in sustaining the objection of Defendant's counsel to questions asked of the witness, Doctor Ettl, regarding whether the x-ray pictures showed a ruptured disk, when all the other evidence from other doctors had shown that Plaintiff suffered a ruptured disk.

## "Point Twelve

"The Honorable Trial Court erred in refusing to permit the witness, Doctor Ettl, to demonstrate to the jury the nerve damage suffered by the Plaintiff by the use of a pin-prick test or letting the Plaintiff bite himself until the blood came, because such demonstration is permissible and the failure to permit said demonstration caused the inadequate jury verdict in this cause.

## "Point Thirteen

"The Honorable Trial Court erred in refusing to permit Plaintiff's counsel to argue that the demonstration of the pin-prick test, had it been permitted, would have shown that the Plaintiff suffered paralysis and nerve damage in his arm, particularly where Defendant had been permitted to make arguments with reference to exhibits which had been excluded.

## "Point Fourteen

"The Honorable Trial Court erred in that the answer to Question Number 25 is contrary to the great weight, the preponderance of the evidence, in that the Plaintiff is totally and permanently disabled and had a wage earning capacity of at least $5,000.00 per year with a life expectancy of thirty-seven years, with many weeks of hospitalization by the Defendant, Texas and Pacific Company, and that the award of $9,000.00 damages in this case is so grossly inadequate as to show prejudice, bias, and undue influence on the part of the jury. Plaintiff further shows that the prejudicial matters complained of in the above assignments of error in this cause, and their individual and cumulative affect were harmful to the Plaintiff."

Appellant discusses Points One and Four together, and we shall do the same. It will be noted that the two appellees were sued under different types of action—one for the violation of the Safety Appliance Act, and the other under common law negligence. It is true that one was entitled to the defense of unavoidable accident, while the other was not; however, the jury was entitled to hear all the pleadings. The special issues as to the liability of Texas and Pacific left no doubt as to the conditions under the Safety Appliance Act, and were answered favorably to this appellant. As held in Missouri-Pacific Railroad Co. v. Ramirez, Tex.Civ.App., 326 S.W.2d 50, cited by appellant, if this was error, we believe it to be harmless. Point Four raises the question of the testimony of one of the Texas and Pacific employees as to the concealed nature of the broken foot sill. Again, the special issues submitted and the answers obtained rule out the possibility of this being reversible error, if error it be. An error, to be reversible, must amount to such a denial of the rights of appellant as to be reasonably calculated to cause, and probably did cause, the rendition

of an improper judgment. City of Galveston v. Hill, 151 Tex. 139, 246 S.W.2d 860; Texas & Pacific Railway Co. v. Snider, 159 Tex. 380, 321 S.W.2d 280.

■ Point Two, raised by appellant, is to a hypothetical medical question framed and asked by counsel for appellee. Appellant contends that the question was prejudicial because it was so asked as to intimate that appellant had had no accident at all. We do not believe this hypothetical question is in the same category as those cited by appellant. Any error that may have been committed in admitting such a question could have been cured by cross-examination or by the correct submission of the special issues. At any rate, the jury's verdict does not show prejudice.

■ Appellant's Point Three is neither briefed nor argued. The cross-examination of this medical witness was long, and there were many objections and arguments by counsel. We believe that, under Rule 418 (c), Texas Rules of Civil Procedure, this point was abandoned.

■ Assignment of Error number Five is directed to the refusal of the trial court to permit one of appellant's witnesses to explain an answer to a question while being cross-examined. As the trial court pointed out at the time of the objection, any error could be cured by direct examination, and we believe that it was.

■ Points Six and Seven are to the trial court's sustaining an objection to questions: (1), as to who paid for the witness' transportation; (2), medical witness' failure to recognize a medical book as a standard medical text; (3), that the medical witness had testified in a number of cases and in none of them had found any injury or anything wrong with the plaintiff. Appellant argues that the answers to the above questions were material to show the bias and prejudice of the witness. In answer to the first question, we find that the doctor admitted freely that he was being paid by the appellees. We do not believe that the question of who paid for transportation was necessary to inform the jury any farther. In question 2, appellant attempted to get the medical witness to testify that a certain medical book was a standard medical text. The doctor testified that he was not familiar with the book and certainly was under no requirement to testify further concerning it. Question 3 questions the medical witness as to whether or not he had ever found an injury to a plaintiff. The testimony of this witness covers some 77 pages in the record, and covers thoroughly the witness' relation with appellees. He testified that he had appeared for plaintiffs as well as defendants. We believe his position was before the jury, and that they were qualified to pass on any question of bias or prejudice.

Point Eight raised by appellant is to the refusal of the trial court to permit examination of an adverse witness out of the presence and hearing of the jury, and the attempt of appellees to place in evidence pictures of appellant that were inadmissible. The witness in question had known appellant for some years prior to the injury, and her testimony was as to his condition prior to the accident. The pictures of appellant were not admissible, and the trial court so ruled. We fail to find bias or prejudice in either case.

■ Appellant's Point Nine is to the sustaining by the trial court of an objection to a question asked of a lay witness concerning a tendency of all normal people to have headaches. This witness was not qualified to give an answer to such a question, as the answer would necessarily be based on hearsay. We do not believe this ruling by the trial court to be in error.

■ Point Ten is directed to the testimony of appellees' witness concerning the composition of the Board of Managers of one of the hospitals in which appellant was treated. We note that the by-laws and rules and regulations were placed in evidence by appellant. We believe that the

jury, with these records before it, was sufficiently informed as to the composition of the Board controlling the hospital, and that this testimony did not result in bias or prejudice in their findings.

Point Eleven is to an objection sustained by the trial court preventing the medical witness from testifying about a ruptured disc. The objection sustained was to the effect that the doctor had not previously testified to a ruptured disc, which was true. After the predicate was properly laid, the witness did testify fully as to the ruptured disc, and cured any error—if there was one —by being allowed to so testify.

Points Twelve and Thirteen are against the trial court's refusal to permit pin-prick tests to be demonstrated before the jury. The matter of demonstrations of this nature before a jury is largely one of discretion by the trial court. Texas Law of Evidence, McCormick & Ray, Volume 2, section 1461.

In the present case, the question of damages to the sensory nerves had been fully developed by numerous doctors. Under these circumstances, where there was abundant testimony before the jury, we do not believe that the trial court abused its discretion by disallowing the requested demonstration.

Point Fourteen raised by appellant is to the effect that the matters complained of in the preceding points of error have the cumulative effect of causing a grossly inadequate verdict.

The jury in this case found for the appellant. They found that he was injured. However, they did not find him as seriously injured as he had alleged. In reading the record of this case, we find testimony from both appellant and his wife as to long automobile trips; mowing the grass; working on his roof; working under the hood of his automobile; going horseback riding; climbing fences; helping move furniture; going swimming and bowling—after his injury and before the trial. After hearing this type of testimony from appellant and his wife, and after hearing all of the evidence as to his injury and the extent of it, we believe the award and verdict returned by the jury was justified. If they chose to believe, from the evidence, that a higher award than that given was not justified, they were entitled to do so. For this court to reverse such a verdict, we must have a clear showing of testimony that would create bias and prejudice in the minds of the jurors. We do not believe this is such a case.

The points of error assigned by appellant are overruled, and the judgment of the trial court affirmed.