YELLOW CAB COMPANY, Appellant,

v.

Jewell SMITH et vir, Appellee. ·

No. 4253.

Court of Civil Appeals of Texas.

Waco.

July 2, 1964.

Rehearing Denied July 23, 1964.

plains of refusal of its requested issue No. 2: "Would a person of ordinary prudence riding in the automobile with Roy Douglas prior to the collision with Salko's automobile, have objected to the manner in which the automobile was being operated by the said Roy Douglas at and immediately prior to said collision?" Another requested issue, conditioned on the answer to No. 2, was also refused. It would have inquired: "Did such failure" of plaintiff "cause or contribute to cause the accident?" No complaint is made of failure to submit the latter issue.

Refusal to submit requested issue No. 2 is not ground for reversal. Rule 279, Texas Rules of Civil Procedure, requires a requested issue to be "in substantially correct wording," which is held to mean "in such form as the court could properly submit as presented." Thomas v. Billingsley, Tex.Civ.App., 173 S.W.2d 199, writ ref.; Hodges, Special Issue Submission in Texas, Sec. 66, p. 164.

Among the deficiencies in the form of the requested issue which justified its refusal by the trial court are these: (a) The issue neither places nor refers to the burden of proof as required by Rule 277. Superior Ins. Co. v. Burnes, Tex. Civ.App., 278 S.W.2d 934, 939, writ ref. n. r. e. See City of Austin v. Powell, 156 Tex. 610, 299 S.W.2d 273. (b) Standing alone, it is not a basis for judgment. The requested corollary issue does not embody the element of foreseeability in proximate cause. Where the requested special issue is one of a series of interdependent issues, all of which are essential to complete submission of an independent ground of defense not otherwise included in the charge, it is necessary that issues be requested on all of the essential controverted elements. Crain v. West Texas Utilities Co., Tex. Civ.App., 218 S.W.2d 512, 514, writ ref. n. r. e.; Federal Underwriters v. Tubbe, Tex.Civ.App., 193 S.W.2d 563, 566, writ ref. n. r. e.; Attebery v. Henwood, Tex. Civ.App., 177 S.W.2d 95, 97, writ ref. w.

Gene Maddin, Waco, for appellant.

Dunnam & Dunnam, Waco, for appellee.

WILSON, Justice.

Judgment was rendered for plaintiff, a fare-paying taxicab passenger, on a jury verdict in her personal injury action against the cab company. The cab collided with Salko's automobile. Roy Douglas was the cab driver. Defendant's sole point com-

m.; Southern Underwriters v. Cooper, Tex.Civ.App., 138 S.W.2d 563, 567, writ dism., c. j.; City of Wichita Falls v. Lewis, Tex.Civ.App., 68 S.W.2d 388, 391 writ dism.; Hodges, Special Issue Submission in Texas, Sec. 65, p. 163; Sec. 68, p. 168, 169; 3 McDonald, Texas Civil Practice, Sec. 12.33, p. 1153.

Affirmed.