Silvestre MATA, Appellant,

v.

Richard O. ALBERT et al., Appellees.

No. 4953.

Court of Civil Appeals of Texas, Eastland.

March 10, 1977.

Rehearing Denied March 31, 1977.

William R. Edwards and J. Robert McKissick, Corpus Christi, for appellant.

Ben A. Donnell, Meredith & Donnell, Corpus Christi, for appellees.

McCLOUD, Chief Justice.

This is a medical malpractice case. Plaintiff, Silvestre Mata, sued defendant, Dr. Richard O. Albert, a general surgeon, alleging he was injured as a result of defendant's negligent acts in performing disc surgery and a lumbar spinal fusion on plaintiff. In answer to Special Issue 1, the jury found that defendant did not "fail to use ordinary care" in the treatment of Mata in either the "disc exploration portion of the operation" or the "fusion portion of the operation." The jury was instructed that "ordinary care" means what a doctor of ordinary prudence from the same or similar community would have done or would not have done at the time of the occurrence in question, under the same or similar circumstances. The jury also found plaintiff had suffered no damages as a result of his treatment by defendant. Plaintiff, Silverstre Mata, has appealed. We affirm.

Plaintiff alleged, among other things, defendant was negligent in the following ways:

"1. Although there was no emergency requiring immediate surgery, although there were many adequate orthopedic and neurosurgeons readily available to perform the surgery in question, and although he was himself not sufficiently trained or experienced to perform either disc surgery or lumbar spine fusion, he attempted both disc surgery and fusion instead of calling in a specialist to perform such surgery.

2. He attempted to perform disc surgery when he was neither trained nor experienced enough to do disc surgery.

3. He attempted to perform a lumbar spine fusion when he was neither trained nor experienced enough to do so."

Defendant filed special exceptions to the allegations urging that there is "no duty owed by a specialist in general surgery to seek consultation from another specialist in an area falling within both specialities." The court granted defendant's special exceptions. Plaintiff contends the court erred.

498

Although the special exceptions were granted, it is clear from reviewing the statement of facts that plaintiff was permitted to fully develop his theory that defendant was negligent in not referring plaintiff to an orthopedic or neurosurgeon. Plaintiff has failed to show reversible error. Rule 434, T.R.C.P.

Plaintiff next asserts that the court erred in refusing to submit his two requested issues inquiring whether defendant was negligent in failing to refer plaintiff to a "back specialist for the surgery," and whether such negligence was a proximate cause of plaintiff's damages. Plaintiff argues that sufficient evidence was presented to raise a fact issue, even though the court's action in granting defendant's special exceptions deprived plaintiff of the right to fully present his theory of the case.

Plaintiff relies upon the rule announced in *King v. Flamm,* 442 S.W.2d 679 (Tex. 1969), wherein the court said:

"One who holds himself out as a specialist is generally expected to possess a higher degree of skill and learning than a general practitioner. See 41 Am.Jur. Physicians and Surgeons § 90; Annotation, 59 A.L.R. 1071. The general practitioner is not required to consult with a specialist, however, on every conceivable complication that may arise in his practice. See *Manion v. Tweedy,* 257 Minn. 59, 100 N.W.2d 124. If he exercises the care and skill of other physicians similarly situated, he is not responsible for an error of judgment even though a specialist would not have made the same mistake. *But there is a duty to seek consultation with, or refer the patient to, a specialist when he knows, or in the exercise of reasonable care should know, that the services of a specialist are indicated.* Here, as in other cases of alleged medical malpractice, the defendant is to be judged on the basis of the standards and practices of his profession. If there is expert testimony fairly supporting the conclusion that a reasonably careful and prudent general practitioner would have sought consultation under the same or similar circumstances, the trier of fact is entitled to find that the defendant was negligent in failing to do so. See *Simone v. Sabo,* 37 Cal.2d 253, 231 P.2d 19; Annotation, 132 A.L.R. 392." (Emphasis added)

See also: 35 A.L.R.3d 349.

Defendant argues that the rule announced in *King* is restricted to "general practitioners" and should not be extended to the "speciality areas of medicine" to include "general surgeons."

Dr. Upshaw, an orthopedic surgeon, testified that the type of surgery performed on plaintiff, laminectomy and fusion, does not ordinarily fall within the medical term "general surgery." He stated it is usually done by a neurosurgeon or an orthopedic surgeon. He stated that a laminectomy and fusion is a highly technical procedure and back surgery is ordinarily considered to be one of the more difficult types of surgery.

Defendant testified that he, "to some extent," held himself out as an orthopedic surgeon. He stated he did not think it was necessary for him to consult with an orthopedic or neurosurgeon before performing the surgery on plaintiff. Defendant testified disc surgery was one of the operations in his "field of ability." Defendant was unable to remember the name of a "single person in Alice, Texas, other than" plaintiff upon whom he had performed a spinal fusion. Defendant points out that Dr. Upshaw refused to say that a "general surgeon" should never perform back surgery. Dr. Upshaw did testify that an "unusually gifted person might well qualify himself by observation and personal study to be able" to perform such surgery.

Our Supreme Court in *King* cited 132 A.L.R. 392, which provides:

"It may be stated as a general rule that, as a part of the requirements *which the law exacts of general practitioners of medicine and surgery,* or other schools of healing, if, in the exercise of the care and skill demanded by those requirements, such a practitioner discovers, or should

know or discover, that the patient's ailment is beyond his knowledge or technical skill, or ability or capacity to treat with a likelihood of reasonable success, he is under a duty to disclose the situation to his patient, or advise him of the necessity of other or different treatment." (Emphasis added)

The annotation includes both general practitioners and general surgeons in the rule announced.

It is not necessary, however, for us to decide if the rule announced in *King* applies to general surgeons, such as defendant, because if we assume, without deciding, that general surgeons are included, plaintiff has nevertheless failed to show error. Rule 279, T.R.C.P., provides:

> ". . . Failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment; . . ."

■ The court in *King* states there is a "duty" to seek consultation with, or refer the patient to, a specialist when the treating physician *knows or in the exercise of reasonable care should know that the services of a specialist are indicated.* Plaintiff failed to request an issue inquiring if defendant knew or should have known that the services of a specialist were indicated. Plaintiff requested only two issues: (1) Was defendant negligent in not referring plaintiff to a back specialist for the surgery, and (2) was such failure a proximate cause of any damages to plaintiff. Plaintiff failed to request an essential issue necessary for a determination of the duty owed to plaintiff. When a requested special issue is one of a series of interdependent issues all of which are essential to submit a theory of recovery, and none of such issues are already included in the charge, a request is in substantially correct form as required by Rule 279, T.R.C.P., only when it incorporates all of the required special issues. Plaintiff's requested submission of his theory of recovery was not in substantially correct form. *Lee v. Howard,* 483 S.W.2d 922 (Tex.Civ.App.—Eastland 1972, writ ref. n. r. e.); 3 McDonald, Texas Civil Practice § 12.33.2 (1970).

■ Plaintiff next contends the jury's findings that defendant did not fail to use ordinary care in the disc exploration and fusion portions of the operation were contrary to the overwhelming weight and preponderance of the evidence. He also says the jury's failure to find defendant's acts were a proximate cause of plaintiff's damages is contrary to the overwhelming weight and preponderance of the evidence. In passing upon these points we have reviewed the entire record as required by *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). We will not detail the evidence. The record contains expert medical testimony from which the jury could have reasonably concluded the defendant was negligent in both the disc exploration and fusion portions of the operation. There is also evidence from which the jury might reasonably conclude the defendant was not negligent. We cannot say, however, after reviewing the entire testimony that the jury's findings are contrary to the overwhelming weight and preponderance of the evidence. All of plaintiff's points urging that the jury's answers are contrary to the overwhelming weight and preponderance of the evidence are overruled.

■ Plaintiff further complains that the evidence conclusively establishes that he suffered damages as a result of defendant's treatment. Alternatively, he claims the "No" damages finding is contrary to the overwhelming weight and preponderance of the evidence.

The jury found no liability on the part of defendant. The damage issue becomes immaterial. *Southern Pine Lumber Co. v. Andrade,* 132 Tex. 372, 124 S.W.2d 334 (1939).

We have considered all points of error and all are overruled. The judgment is affirmed.