**METROPOLITAN LIFE INSURANCE COMPANY, Appellant,**

v.

**Robert R. DUNCAN, Appellee.**

No. 17969.

Court of Civil Appeals of Texas, Fort Worth.

May 4, 1978.

**352**

Golden, Potts, Boeckman & Wilson and H. David Herndon, Dallas, for appellant.

Garrett, Settle & Callaway and Phillip W. Gilbert, Fort Worth, for appellee.

## OPINION

SPURLOCK, Justice.

The insured, Robert R. Duncan (appellee herein), sued Metropolitan Life Insurance Company (appellant) for disability benefits payable pursuant to the terms of a group insurance policy issued by appellant. The relevant portion of the policy provided that extended disability benefits were payable if the insured is "totally disabled so as to be unable to engage in any gainful occupation or employment for which he is reasonably qualified by education, training or experience, . . . ." The trial court rendered judgment in favor of the insured, in accordance with the jury verdict. From that judgment, appellant has perfected its appeal.

We affirm.

█ By its first point of error, appellant contends that the trial court erred in refusing to strike "the opinion testimony of Dr. Kimmerling that appellee had been unable, in the exercise of ordinary care, to perform a substantial part of any work or employment for which he was reasonably qualified by education, training or experience because said witness had no knowledge of whether work or employment existed which appellee could, in the exercise of ordinary care, perform and was, therefore, not qualified to express such an opinion."

At the outset, we note that the appellant did not make an objection to Dr. Kimmerling's testimony at the time it was given. In fact, Dr. Kimmerling had been excused as a witness, appellee had testified, and appellee had rested his case before appellant made his motion to strike a portion of the doctor's opinion testimony. The failure to timely object to the introduction of evidence promptly and correctly results in a waiver of the objection. 56 Tex.Jur.2d *Trial* § 158 (1964); *City of Houston v. Watson*, 376 S.W.2d 23, 32 (Tex.Civ.App.—Houston 1964, writ ref'd n. r. e.). Appellant's first point of error is overruled.

█ By its second point of error, appellant contends that "the trial court erred in submitting special issue number one to the jury over appellant's proper objection to such submission and in overruling appellant's motion for judgment non obstante veredicto, on the ground that there was no evidence to support an affirmative answer to such issue by the jury."

Special issue # 1 was submitted to the jury as follows:

"Do you find from a preponderance of the evidence that the Plaintiff, Robert R. Duncan, has been totally disabled continuously since July 24, 1972?"

The jury answered: "We do."

Appellant's second point of error is a "no evidence" point. The evidence test for a "no evidence" point is to examine the entire record for evidence that supports the submission of the issue and the finding of the jury and ignore all evidence to the contrary. Calvert, *"No Evidence"* and *"Insufficient Evidence" Points of Error*, 38 Tex.L.Rev. 361 (1960).

Appellee testified that his work career had been related to the sale of automotive parts and supplies. He had attained the position of national account manager with General Motors corporation. On one occasion, while he was driving to Oklahoma City, he had a diabetic reaction and he ran the car he was driving off the road into a ditch. He had been forced to retire from General Motors because of his unstable diabetic condition.

After his disability retirement, appellee got a real estate license and an insurance license, but he had found that he could not manage his insulin and diet in those types of jobs. His diet and insulin schedule are very rigid. As a result of his unstable

diabetic condition, he has lost most of his teeth, has suffered vision problems, and has suffered from insulin reaction and blackouts. He has had difficulty in handling stress since his retirement. Further, he testified that he had not received any bona fide job offers since his retirement.

Appellee's wife testified that she had observed the effects of her husband's illness, which included his increased irritability, withdrawal, and occasional incoherence.

Dr. Harold Kimmerling has been the appellee's physician since September, 1967, when he first discovered that appellee was suffering from diabetes. He testified that appellee had suffered several serious insulin reactions and that as a result, he had to be kept under very strict dietary and insulin control. Also, he testified about the adverse effects of stress on the appellee. After the term "total disability" was defined by appellee's attorney without objection, Dr. Kimmerling testified: "In reasonable medical probability he is totally disabled in the light of what you read in that definition of the—his work duties and so forth. This is due—due to his education, training, and experience because of the type of job he had required so much travel that he could not be managed."

We overrule appellant's second point of error.

By its third point of error, appellant contends that the "trial court erred in submitting special issue number one to the jury over appellant's proper objection to such submission and in overruling appellant's motion for judgment non obstante veredicto, on the ground that there was insufficient evidence to support an affirmative answer to such issue by the jury."

The appellant's third point of error is multifarious in that it attempts to complain of than one alleged error in a single point of error. Even more important, appellant by this point of error attempts to complain of the submission of a special issue to the jury by way of an "insufficient evidence" point of error.

"An 'insufficient evidence' point has come to mean in the terminology of our procedural law substantially the same as a point that a finding is so contrary to the overwhelming weight of the evidence as to be manifestly wrong. Such a point is not applicable to the question whether an issue should be submitted to the jury. It is the 'no evidence' point which is applicable to the submission of issues. (Citing cases.)" *Nutter v. Dearing*, 400 S.W.2d 346, 350 (Tex.Civ.App.—Dallas 1966, writ ref'd n. r. e. at 402 S.W.2d 889, Tex.1966).

Appellant's third point of error is overruled.

By its fourth point of error, appellant contends that the "trial court erred in submitting special issue number one to the jury over appellant's proper objection to such submission on the ground that the instruction given by the court to the jury in connection with such special issue defining the term 'totally disabled' was an incorrect definition of said term, not the definition of said term as used in the insurance policy."

The trial court submitted the following definition to the jury:

" 'Totally disabled' shall not mean an absolute disability or incapacity to perform any kind of work, but shall mean that a person is unable, in the exercise of ordinary care, to perform a substantial part of the usual kind of work for which he was suited by training, education or experience at the time immediately prior to such disability, if any, and further that he is unable, in the exercise of ordinary care, to perform a substantial part of any work or employment for which he was reasonably qualified by education, training or experience."

The term "totally disabled" is defined in Part X of the insurance policy as being "unable to engage in any gainful occupation or employment for which he is reasonably qualified by education, training or experience, . . . ."

It is obvious to us that the definition given by the trial court imposed on the appellee (rather than upon appellant) a

more onerous burden than the policy required. Because of this additional burden placed upon the appellee, we are unable to see how appellant has been prejudiced by the definition given by the trial court. We overrule appellant's fourth point of error.

The judgment of the trial court is affirmed.