G. FITZGERALD et ux., Appellants,

v.

RUSS MITCHELL CONSTRUCTORS, INCORPORATED, et al., Appellees.

No. 50.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Jan. 3, 1968.

Rehearing Denied Jan. 31, 1968.

Harry Burns, Houston, for appellants.

James Greenwood, III, Vinson, Elkins, Weems & Searls, Houston, for appellees.

BARRON, Justice.

This is a damage suit brought by G. Fitzgerald and wife, Martha Fitzgerald, by reason of injuries sustained by Mrs. Fitzgerald in an automobile collision between her automobile and a truck owned by Russ Mitchell Constructors, Incorporated, and operated by Wesley Brown in the early afternoon of September 26, 1962. Defendants are Russ Mitchell Constructors, Incorporated and Wesley Brown, appellees, here. Prior to the trial, defendants admitted that Brown had been negligent, that his negligence was a proximate cause of the accident, and that he was in the course of his employment with Russ Mitchell Constructors, Incorporated when the accident occurred. The suit was defended on the issues of contributory negligence and damages.

The trial court, at the conclusion of the testimony, submitted special issues concerning Mrs. Fitzgerald's conduct. The jury found: (1) that she operated her automobile at a greater rate of speed than that at which it would have been operated by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances; (2) that she failed to apply the brakes on her automobile at a time when a person of ordinary prudence in the exercise of ordinary care acting un-

der the same or similar circumstances would have applied the brakes. The jury further found that each act was a proximate cause of the collision made the basis of this suit. The jury also found the damages to plaintiffs to be $3,000.00. The Fitzgeralds have duly perfected their appeal to this court based on "no evidence" and "insufficient evidence" points of error.

The accident occurred at the intersection of Bellaire Boulevard and Westpoint Street in Harris County. Bellaire Boulevard is a six-lane roadway, divided into east and west-bound segments by a wide esplanade. Westpoint intersects Bellaire from the north only, making a "T" intersection. The accident occurred when Brown crossed in front of Mrs. Fitzgerald as he was making a left turn off Bellaire Boulevard onto Westpoint. Mrs. Fitzgerald was heading west and Brown was heading north at the time of the collision. It was raining and the streets were wet. When Mrs. Fitzgerald had previously stopped her car several blocks away, she had required more than three but less than six car lengths to stop it. She saw the truck when she was a little farther than six car lengths from the intersection. The truck was in the esplanade area heading north toward Westpoint Street but it had not yet entered the west-bound traffic lanes on Bellaire. She testified that she was driving between 20 and 25 miles an hour at that time, and she estimated the speed of the truck at between 5 to 10 miles an hour. She did not slow her vehicle as she approached the intersection after she saw the truck and she testified that she kept watching the truck until the accident. She testified that she applied her brakes as soon as Brown started into the intersection. She thought the truck was stopping, but it never did stop. She was three or four car length back at that time. The truck never did slow its speed. The brakes held, but the wet street caused the car to slide. She waited until the truck was already entering the intersection to apply the brakes, but it was too late to stop at 20 to 25 miles per hour on a wet street. She struck the truck broadside with sufficient force to knock it around and to extensively damage the front end of the car she was driving.

On a "no evidence" point, this court may consider only the evidence and the inferences which support the findings and reject those which are contrary to the findings of the jury. In determining the "insufficient evidence" points, we must consider and weigh all of the evidence and set aside the verdict and remand only if we conclude that the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust.

The record is clear that Mrs. Fitzgerald saw the truck at least six car lengths away, and that she knew it was going to enter the intersection about four car lengths back. While the question is close, we believe the jury had the right to determine from the evidence that Mrs. Fitzgerald, in the exercise of ordinary care and prudence with due regard for her own safety, had ample time to apply her brakes at a safe distance from the truck and in time to stop her car so as to avoid the accident. The jury had the further right to believe from the evidence that the speed of 20 to 25 miles per hour on a wet street under the circumstances was not in accord with the act of an ordinarily prudent person under the same or similar circumstances. The fact that she was driving below the speed limit of a presumed 30 miles per hour is not material. This does not relieve her of the common law duty to operate her vehicle at a speed at which an ordinarily prudent person would operate a vehicle under the same or similar circumstances. Vardilos v. Reid, 320 S.W. 2d 419, 423 (Tex.Civ.App.), no writ history. In any event, the issues were fact issues to be determined finally by the jury. Prasek v. Dudley, 395 S.W.2d 876, 880 (Tex.Civ.App.), writ ref., n. r. e. This is not a situation where speed and the application of brakes could not be the cause, in fact, of the accident. Compare Taylor v. Brooks, 392 S.W.2d 878 (Tex.Civ.App.)

writ ref., n. r. e., and Texas & Pac. Ry. Co. v. McCleery, 418 S.W.2d 494 (Tex. Sup.). It is elementary that where material facts are controverted, or are such that different inferences may be reasonably drawn therefrom, a question of fact is raised for the jury's determination. Roberts v. Jordan, 408 S.W.2d 525 (Tex.Civ. App.), no writ history; Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273; Henderson v. Smith, 354 S.W.2d 429 (Tex.Civ.App.), no writ history.

We cannot substitute our judgment for that of the jury. The evidence is sufficient to support the trial court's judgment.

Affirmed.