**BURKE WILEY, INC., et al., Appellants,**

**v.**

**Mrs. Geraldine LENDERMAN, Appellee.**

**No. 16740.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Dec. 9, 1976.

Rehearing Denied Jan. 6, 1977.

---

Robert C. Floyd, Houston, for appellants; Butler, Binion, Rice, Cook & Knapp, Houston, of counsel.

Riddle, Murphrey, O'Quinn & Cannon, John M. O'Quinn, Houston, for appellee.

COLEMAN, Chief Justice.

This is a suit for damages for personal injuries received in an intersectional collision. The trial court entered a judgment for the plaintiff based on a jury verdict. The defendant has appealed contending that the trial court erred in refusing to submit to the jury an issue inquiring as to whether the plaintiff was guilty of negligence by reason of her speed. There is sufficient evidence to require that the issue be submitted to the jury. The judgment will be reversed and the cause remanded to the trial court.

The accident resulting in this suit occurred at the intersection of Larkin and Detering Streets in the City of Houston, Texas. Traffic entering Larkin Street from Detering Street is controlled by stop signs. Each street is narrow, approximately twenty feet wide, with two lanes of traffic, one in each direction. At the time of the accident Douglas Burke was driving a pick-up truck belonging to Burke Wiley,

Inc. in a northerly direction on Detering Street. The plaintiff was driving a Plymouth automobile in a westerly direction on Larkin Street. The collision occurred in the northeast corner of the intersection. The jury found the defendant driver guilty of negligence in failing to yield the right of way to Mrs. Lenderman and in failing to keep a proper lookout. The jury did not find the plaintiff guilty of any act of negligence. Special Issue No. 5 inquired about Mrs. Lenderman's lookout, and Special Issue No. 7 inquired about her application of the brakes.

The defendant requested that the following special issue be submitted to the jury:

"Special Issue No. _____

"Do you find from a preponderance of the evidence that on the occasion in question, Mrs. Geraldine Lenderman was driving at a greater rate of speed than a person using ordinary care would have driven?

"Answer: _____."

The defendant also requested an issue on proximate cause predicated on an affirmative answer to the preceding requested issue.

The trial court refused to submit these special issues, and the defendant assigned this action as error. The plaintiff answers that the issues were not submitted to the trial court in proper form, and that there was no evidence raising the issues.

Rule 279, T.R.C.P., requires the trial court to submit all of the controlling fact issues raised by the evidence. *Texas General Indemnity v. Scott*, 152 Tex. 1, 253 S.W.2d 651 (1953). Where material facts are controverted or are such that different inferences concerning the conduct of one of the parties may be drawn, questions of fact are raised which must be submitted to the jury for their determination. *Fitzgerald v. Russ Mitchell Constructor, Inc.,* 423 S.W.2d 189 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref. n.r.e.).

The trial court did not elect to submit broad issues as authorized by Rule 277, T.R.C.P. Since the court elected to submit

a special issue on each of several acts of alleged negligence, the defendant was entitled to a special issue on each act of contributory negligence which was supported by proper pleadings and evidence. *Kainer v. Walker,* 377 S.W.2d 613 (Tex.1964). In this case the defendant alleged the plaintiff's negligence in general terms, and any fact raised by the evidence which constituted a defense to the plaintiff's claim should have been submitted to the jury for determination. *Brown & Root, Inc. v. Gragg,* 444 S.W.2d 656 (Tex.Civ.App.—Houston [1st Dist.] 1969, writ ref. n.r.e.); *Billingsley v. Southern Pacific Co.,* 400 S.W.2d 789 (Tex. Civ.App.—Tyler 1966, writ ref. n.r.e.).

▮ A trial court cannot refuse to submit an issue merely because the evidence is insufficient to support a judgment based on the same. He may refuse to submit a requested issue if there is no evidence raising the issue. *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965). Since the plaintiff contends that there is no evidence to raise an issue of excessive speed on the part of the plaintiff, the evidence must be reviewed in the aspect most favorable to the defendant. There is evidence that Mrs. Lenderman was traveling between 25 and 30 miles an hour as she approached the intersection. A large soft drink truck was parked near the southeast corner of the intersection extending partially out into Larkin Street and blocking Mrs. Lenderman's view of the stop sign at that corner and of any car stopped at the sign. Both Larkin and Detering Streets were narrow and paved with asphalt. There was a store located near the southeast corner of these streets. This was a residential neighborhood and it was necessary to keep a lookout for children playing in the street. Mrs. Lenderman did not see the defendant's truck until it was partially within the intersection because of the location of the soft drink truck. There is some evidence that Mrs. Lenderman was operating her vehicle at a greater rate of speed than an ordinarily prudent person in the exercise of ordinary care would have operated a vehicle under the same or similar circumstances.

See *Vardilos v. Reid,* 320 S.W.2d 419 (Tex. Civ.App.—Houston 1959, no writ history); *Seay v. Kana,* 346 S.W.2d 384 (Tex.Civ.App. —Houston 1961, no writ history).

The defendants' requested special issues were submitted to the trial court in a form which included a combination of issues as permitted by Rule 277, T.R.C.P. The trial court determined to submit the case on separate special issues and did submit lookout and brakes. These issues were paragraphs A and C of the requested issue submitted by the defendant. He then ran lines through paragraphs A and C leaving only paragraph B relating to speed in his requested issue. The trial court then endorsed "Refused" on this issue. A second requested issue was to submit the proximate cause question and it was modified in the same manner and was also marked refused by the trial court. The requested issue was requested in writing in substantially correct wording. The trial court's refusal to submit the requested issues was properly preserved for consideration by this court.

The trial court was not confronted with a group of special issues submitted en mass in a single instrument and intermingled in such way as to be confusing. *Edwards v. Gifford,* 137 Tex. 559, 155 S.W.2d 786 (1941), and other cases cited by the plaintiff in support of the trial court's ruling are clearly distinguishable. The trial court was clearly presented with the defendants' requested issue on speed.

The judgment is reversed and the cause is remanded to the trial court.