Dan BROWN, Petitioner,

v.

Irvin GOLDSTEIN et al., Respondents.

No. C–3280.

Supreme Court of Texas.

Feb. 13, 1985.

Buck C. Miller, Houston, for petitioner.

Harvill & Hardy, Pat McKenna, Houston, for respondents.

KILGARLIN, Justice.

The issue in this appeal of an award in a personal injury case is whether requested defensive issues and instructions should have been given. Irvin Goldstein, as next friend of his children, Adele and Robert Goldstein, sued Dan Brown for personal injuries sustained by Adele and Robert in an automobile accident.

At the conclusion of a jury trial, the judge refused to submit requested instructions on unavoidable accident and sudden emergency and requested issues on contributory negligence. Based on answers to those issues that were submitted, judgment was rendered for the Goldsteins. The court of appeals, with one justice dissenting, affirmed that judgment, holding that the trial court's refusal to submit defendant's requested issues and instructions was proper. 678 S.W.2d 539. We disagree and therefore reverse the judgments of the courts below and remand the case to the trial court for a new trial.

At the time of the events in issue, Adele Goldstein, with her brother Robert as her passenger, was driving in the far left lane of Interstate Highway 610 (West Loop South) in Houston. Dan Brown was driving in the adjacent lane to her right. Brown testified that: (1) his car's electrical system failed and his engine, signal lights, and horn all ceased to work; (2) because the electrical system had failed, he had additional difficulties with his power steering and brakes; (3) he attempted to remove his car from the highway by waving his left hand out the window and pointing towards the emergency lane next to the center guardrail; (4) he saw Adele's car overtaking him in the lane to his left; (5) because of her car, he did not attempt to change lanes; and (6) Adele and Robert passed him unimpeded, and then she swerved into the emergency lane, lost control of her car and hit the guardrail. Other evidence was that Brown's car was found abandoned on the right side of West Loop South about one-fourth mile further down the road. The car was towed away by the police, and Brown did not return to the accident scene until everyone was gone.

Adele and Robert's testimony significantly differed from that of Brown. They testified that: (1) Brown approached them from behind, traveling at a faster speed; (2) his car had not completely passed them when he attempted to switch into their lane; (3) to avoid a collision Adele immediately swerved into the emergency lane and applied her brakes; and, (4) she then hit the guardrail which led to her personal injuries and those of Robert.

Brown complains, among other things, of the trial court's refusal to submit issues on Adele's contributory negligence. Specifically, Brown requested issues asking if Adele had failed to keep a proper lookout and had failed to apply her brakes properly.

■ Submission of special issues is governed by Tex.R.Civ.P. 279. Rule 279, long a part of the practice of Texas lawyers, requires attorneys to submit adequately prepared special issues in substantially correct form. In the event that those issues are the controlling issues, properly supported by the pleadings and the evidence, the trial court is to submit them to the jury. Hodges, *Special Issue Submission in Texas* § 2 (1959). That is to say that a trial court may not refuse to submit an issue merely because the evidence was insufficient to support a judgment. Guittard, *Protecting the Record for Appeal,* Tex. Trial Law.F. at 11–13 (1978). A judge may refuse to submit an issue only if no evidence exists to warrant its submission. *Garza v. Alviar,* 395 S.W.2d 821 (Tex. 1965).

Brown's contributory negligence issues on improper lookout and failure to properly apply the brakes were submitted to the trial court in substantially correct form. Nevertheless, the court of appeals stated that *"under the facts of this case* Adele did not owe a duty to appellant [Brown] to let him enter her lane of traffic." 678 S.W.2d at 542 (emphasis in original). The appeals court determined that if Adele owed no duty to Brown, then she could not be negligent in failing to keep a proper lookout. Thus, the court of appeals reasoned that the trial court did not err in submitting the issue. Again, we disagree. *See DeWinne v. Allen,* 154 Tex. 316, 320, 277 S.W.2d 95, 98 (1955). *See also Lynch v. Ricketts,* 158 Tex. 487, 314 S.W.2d 273 (1958).

■ Here the evidence is conflicting. Brown testified that he signaled with his hand as Adele approached him. At one

point Adele testified that she entered the emergency lane to avoid being hit, and at another point testified that she did not know if Brown ever entered her lane. In addition, it is unclear from the evidence if Adele was cognizant of the guardrail until after she hit it. The Goldsteins, during oral argument, suggested that there was no causal connection between Adele's failure to keep a proper lookout and the accident. Although this may be true, that question is a fact issue to be decided by the jury.

> In a case of this character [improper lookout], standards of ordinary care such as the direction and extent of the observation which Mrs. Ricketts should have made at any particular time cannot be fixed with any degree of certainty but must be left in large measure to the trier of fact. It is well settled, moreover, that negligence and causation, like any other ultimate fact, may be established by circumstantial as well as direct evidence. [Citations omitted.] The jury is thus not only the judge of the facts and circumstances proven but may also draw reasonable inferences and deductions from the evidence adduced before it.

*Lynch v. Ricketts*, 314 S.W.2d at 275–76. A proper application of the no evidence rule and an examination of probative evidence of improper lookout in this case demonstrates that the issue should have been submitted.

■ The court of appeals also erred in holding that the issue of Adele's proper lookout was not controlling. They recited Brown's version of the facts that Brown "was not liable—not, however, because Adele failed to keep a proper lookout, but because he was not negligent." 678 S.W.2d at 542. But, there was some evidence that Brown did enter Adele's lane, thus causing Adele to swerve, lose control of her car, and hit the guardrail. Although this evidence came largely from the plaintiffs and is inconsistent with Brown's testimony that he did not enter Adele's lane, Brown is not precluded from arguing inconsistent theories.

■ Brown properly pleaded his theories of defense and the Texas Rules of Civil Procedure allow alternative pleading even of inconsistent theories. The only requirement to allow submission of inconsistent theories to the jury is that there be evidence to support the issues. Nor can it be said that Brown's testimony is a judicial admission forcing him to adhere to one theory. To constitute an admission of a party, the admission cannot be destructive of the opposing party's theory of recovery. *Mendoza v. Fidelity and Guaranty Insurance Underwriters*, 606 S.W.2d 692, 694 (Tex.1980).

The reason for this requirement for a conclusive admission was discussed in *United States Fidelity & Guaranty Co. v. Carr*, 242 S.W.2d 224 (Tex.Civ.App.—San Antonio 1951, writ ref'd). That court stated that "[u]nless we abandon reality and consider a lawsuit as a species of a game, we cannot recognize something as an established fact for one side and deny its existence for the other side." *Id.* at 229–30. In drafting the charge, the trial court could not refuse Brown's defense by conclusively binding him to his testimony that he did not swerve into Adele's lane. For this reason, the court of appeals erred in holding that the issue on Adele's proper lookout was properly denied because Brown's defensive theory was inconsistent with his version of the facts and therefore not controlling.

■ The testimony as to Adele's proper application of the brakes is also conflicting. Adele's testimony is that she properly used her brakes. Physical evidence provided by the police officer who investigated the accident scene indicates that Adele should have applied her brakes much sooner than she did. Because the manner and timeliness of applying her brakes is a disputed factual question, the trial court improperly refused to submit that issue to the jury.

■ Brown also complains of the trial court's failure to submit his requested instructions on sudden emergency and unavoidable accident. The court of appeals

rejected this argument partly because there was no evidence to support the submission of these instructions. Because we agree that there was no evidence to support submitting these instructions, we find it unnecessary to further address Brown's contentions. We hold that the court of appeals reached the correct result in affirming the trial court's refusal of Brown's requested instructions on sudden emergency and unavoidable accident.

Having held that Brown was entitled to special issues on contributory negligence, we reverse the judgments of the courts below and remand the case for a new trial.