**SOUTHERN INSURANCE CO./ZALE INDEMNITY CO., Appellant,**

v.

**PROGRESSIVE COUNTY MUTUAL IN-SURANCE CO., and Merrimack Mutual Fire Insurance Co., Appellees.**

**No. 01–85–0646–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

March 27, 1986.

Rehearing Denied April 17, 1986.

**550**

Richard A. Hipp, Able & Berkel, P.C., Houston, for appellant.

Barry G. Flynn, Paul A. Hoefker, Barry G. Flynn & Associates, Houston, for appellees.

Before HOYT, SAM BASS and COHEN, JJ.

## OPINION

HOYT, Justice.

This appeal arises from a judgment entered on behalf of appellees, Progressive County Mutual Insurance Company and Merrimack Mutual Fire Insurance Company ("Progressive"), to collect on a judgment in a prior suit. After Progressive subrogated to the rights of its insured, it commenced this suit. After trial, Progressive filed a motion to disregard certain jury findings and for entry of judgment, which the court granted. Appellant, Southern Insurance Co./Zale Indemnity Co. ("Southern"), filed a motion for judgment on the jury verdict that was denied, and judgment was rendered against it for $42,453.05 in damages, attorney's fees, and for prejudgment and post-judgment interest. We reform the judgment and affirm.

In 1979, Joe Cook purchased a recreational vehicle from Houston R.V., Inc. As part of the purchase, he required the installation of a propane system. Shortly after the sale, he returned the vehicle because it was not performing "properly." After adjustments to the system, the vehicle was returned to Cook. Thereafter, the vehicle caught fire and burned while Cook was driving it, resulting in a total loss of the vehicle and the personal effects it contained.

In the prior suit, Cook sued Houston R.V. Inc., and judgment was rendered against it for a total of $55,950. This sum included $39,403.05 as damage to the vehicle, $7,546.95 for loss of personal property in the vehicle, and $9,000 for attorney's fees. Cook was insured by Progressive; Houston R.V. was insured by Southern. Southern paid $7,546.95 for the damage to the personal effects, but refused to pay the vehicular damages and attorney's fees because of Exclusion (j) in the policy.

In two of its three points of error, Southern contends that the trial court erred in granting Progressive's motion for judgment and in denying its motion; both motions center on special issue no. 2. Progressive responds that the trial court properly disregarded special issue no. 2, because it has no relevance or materiality to any of the issues in this suit. Special issue no. 2 inquired:

### SPECIAL ISSUE NO. 2

Do you find from a preponderance of the evidence that the defective propane system and recreational vehicle were not the product of Houston, R.V., Inc. when delivered to Joe Cook?

Answer "We do" or "We do not"

Answer: *We do not.*

Both Progressive and Southern objected to the submission of special issue no. 2. Progressive asserted that special issue no.

2 should not be submitted because the interpretation of Exclusion (j) is a law question and falls within the exclusive province of the court. Southern contended that there was no evidence to support the submission of special issue no. 2, because Progressive failed in its burden to negate the applicability of Exclusion (j).

Exclusion (j) of the policy reads as follows:

This insurance does not apply under the Garage Liability Coverages:

. . . .

(j) to property damage to any of the named insured's products if such property damage results from a condition existing in such product or any part thereof at the time possession is relinquished to the purchaser thereof.

Southern contends that the negative answer to special issue no. 2 reflects that Progressive failed to carry its burden of proof on that issue and that special issue no. 2 should not have been disregarded. Progressive argues that Exclusion (j) did not require a jury issue because the matters raised are questions of law and the exclusion deals with products liability, not services rendered to a product.

■ When an insurance carrier pleads an exclusion under the policy, the party seeking to recover has the burden of proving that the loss did not come within the exception from liability raised by the insurer. *Entzminger v. Provident Life & Accident Insurance Co.*, 652 S.W.2d 533, 535 (Tex.App.—Houston [1st Dist.] 1983, no writ); *Ranger Insurance Co. v. Rogers*, 530 S.W.2d 162, 169 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.).

A jury's answer to a special issue may be disregarded only when it has no support in the evidence or when the issue is immaterial. *C. & R. Transport, Inc. v. Campbell*, 406 S.W.2d 191, 194 (Tex.1966); *Stevenson v. Adams*, 640 S.W.2d 681, 683 (Tex.App.— Houston [14th Dist.] 1982, writ ref'd n.r.e.).

Part of the evidence in this case included, by stipulation, the judgment and jury findings from the prior lawsuit. Special issues nos. 3, 5, 8, and 22 inquired:

### SPECIAL ISSUE NO. 3

QUESTION: Do you find from a preponderance of the evidence that defendant Foretravel, Inc. was negligent in the modifications to the gasoline fuel supply system in the subject vehicle?
ANSWER: We do not.

### SPECIAL ISSUE NO. 5

QUESTION: Do you find from a preponderance of the evidence that defendant Chrysler Corporation was negligent in the design and in construction of the gasoline fuel lines in the right front portion of the subject vehicle?
ANSWER: We do not.

### SPECIAL ISSUE NO. 8

QUESTION: Do you find from a preponderance of the evidence that the subject vehicle was defective at the time it left the possession of defendant Houston R.V., Inc.?
ANSWER: We do.

### SPECIAL ISSUE NO. 22

QUESTION: Do you find from a preponderance of the evidence that the subject vehicle had a defect in material or workmanship at the time it left Houston R.V., Inc.?
ANSWER: We do.

■ We hold that Exclusion (j) is inapplicable to the facts of this case because the jury in the prior suit found that the *defect* was in the installation or repairs of the fuel system. The fact that the jury also found that the vehicle was defective at the time possession was relinquished is not inconsistent, because the finding of a defect in material or workmanship explains the further finding that the vehicle was defective at the time possession was relinquished. This conclusion is even more compelling when we heed the jury's findings that neither the vehicle nor the fuel supply system

manufacturer was negligent in the design, construction, or modification of the fuel lines and fuel supply system.

Therefore, Progressive met its burden of proof that the loss did not come within the policy exclusion through the admission of the special issues and judgment of the prior suit. Special issues numbers 3, 5, 8, and 22 established that at the time possession of the recreational vehicle was delivered to Cook, a defective condition existed in the vehicle that had been created by the negligent workmanship of Houston R.V., Inc. Additionally, those issues establish that the defect that existed upon delivery was not the fault of either of the manufacturers of the parts.

The doctrine of collateral estoppel precludes relitigation of facts essential to a proper resolution of a prior case regardless of whether the second suit is based upon the same cause of action. *See Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex.1984). Under principles of collateral estoppel the introduction into evidence of a prior judgment in a subsequent suit in which the identity of issues and subject matter are the same, regardless of parties, the judgment is treated as a bar to retrial of those issues. *Id.*

It was essential to the establishment of Houston R.V., Inc.'s liability that a jury find that the defect causing the damages was that of Houston R.V., Inc. as opposed to the manufacturers of the various parts. Because of this essential finding in the prior suit, Southern is now precluded from relitigating that issue in this case. Southern's liability turned on, (1) a finding that the defect arose under the Garage Liability portions of the policy and, (2) on a finding that the defect was not inherent in the product. The jury's findings in special issues numbers 3 and 5 of the prior suit and special issue number 1 of this suit are answered affirmatively, thereby satisfying the liability issue as to Southern. The trial court properly disregarded special issue number 2 in this case because it was precluded by the jury's findings in the prior suit.

Points of error one and two are overruled.

■ In the third point of error, Southern argues that the trial court erred in rendering judgment for any item of damage not constituting property damage because it is not covered by the policy. In its argument under this point, Southern argues that no portion of the $9,000 in attorney's fees from the prior suit is recoverable in this case. The judgment of the trial court in this case awarded $42,453.05 in damages, representing the difference between the policy limits of $50,000 and the $7,546.95 previously paid by Southern to Cook. This judgment of $42,453.05 by the trial court essentially allows recovery of a portion of the $9000 in attorney's fees awarded in the prior suit by awarding the difference between the policy limits of $50,000 and the total damages ($39,403.05 vehicular, $7,546.95 personal property) of $46,950. We hold that this was error because Progressive could subrogate to the rights of its insured to the extent of payments made under the insurance policy between it and its insured. *See Rushing v. International Aviation Underwriters, Inc.*, 604 S.W.2d 239, 243 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.).

We reform that portion of the judgment reflecting damages of $42,453.05 to reflect damages of $39,403.05, and prejudgment and postjudgment interest will accrue on the latter amount.

Point of error three is sustained.

The judgment of the trial court, as reformed, is affirmed.