**AMERICAN HOME ASSURANCE COMPANY, Appellant,**

v.

**Loretta Anne BRANDT, Appellee.**

**No. 9770.**

Court of Appeals of Texas, Texarkana.

Sept. 12, 1989.

Rehearing Denied Oct. 10, 1989.

**142**

Kelly D. Stephens, Orsburn & Holland, P.C., Houston, for appellant.

E. Ray Edwards, Gann, Miller & Edwards, Houston, for appellee.

BLEIL, Justice.

American Home Assurance Company appeals from a judgment awarding the proceeds of a life insurance policy to Loretta Anne Brandt, the beneficiary named in the policy. American Home had issued the policy insuring the life of Robert Brandt, who died in an airplane crash. American Home denied the claim and defended this suit on the basis that Brandt was acting as the airplane's pilot or crew member when he died and thus, under the terms of the policy, was not covered. We must decide whether the trial court—in submitting the critical question to the jury—improperly placed the burden on American Home to prove that Brandt was serving as a crew member or pilot at the time of the crash. We determine that the trial court did err in submitting the jury question and reverse the judgment.

On January 24, 1982, a twin-engine Cessna 402 aircraft, owned by Vernon Myers, crashed during an attempted landing in Laredo, Texas, killing all seven people aboard. When the plane crashed, Myers occupied the left pilot's seat; Robert Brandt occupied the right pilot's seat. The purpose of the flight was pleasure—a shopping trip to Mexico. Myers' aircraft was certified by the Federal Aviation Administration as requiring a crew of one, the pilot. Myers met FAA regulations to fly his air-craft without supervision and could legally carry passengers. Dow Chemical Company employed Brandt as a pilot. Dow Chemical held a life insurance policy for the benefit of its employees, through American Home. After the crash, American Home contended that Robert Brandt was acting as a pilot or crew member during the flight and was thus excluded from coverage by the following policy provision: "LIMITED AIR TRAVEL COVERAGE: Insurance provided under the policy includes riding as a passenger, but not as a pilot or crew member in, including boarding or alighting from, or being struck by, any aircraft."

At trial, there was little evidence with regard to who performed what duties in the cockpit of the airplane, partly because those in the plane were killed and not able to tell about it. Through various documentary exhibits, Loretta Brandt showed that Myers owned the airplane and operated it and that he occupied the left, or pilot's, seat at the time the plane crashed. She showed that Robert Brandt could not legally act as a flight instructor. Loretta Brandt also introduced a report filed by the National Transportation Safety Board, which reflected that Robert Brandt was the pilot in command, although this designation was apparently a result of the fact that Robert Brandt was a more highly qualified and experienced pilot than was Vernon Myers. In addition to the documentary evidence, Loretta Brandt called an expert witness, Hughes A. Moorer, Jr., a flight instructor, who testified with regard to various matters within his expertise, including custom, the fact that the pilot of the plane occupies the left seat in the cockpit, and that the plane involved would not normally have any crew members other than the pilot. Based upon his expertise and review of documents related to the investigation, Moorer opined that at the time of the disaster Robert Brandt was not acting as pilot or a crew member, but was a passenger in the plane. American Home chose not to produce any evidence other than a report from the Federal Aviation Administration concerning the qualifications of Robert

Brandt as a pilot, but rather relied upon the notation in the National Transportation Safety Board's report that Robert Brandt was pilot in command.

We now turn to the key issue on appeal, which presented itself during the preparation of the court's charge to the jury. The court proposed to submit the following question concerning the crux of the dispute to the jury: "Does the preponderance of the evidence show that the accident occurred while ROBERT BRANDT was either operating the plane, or serving as a member of the crew." American Home objected to the proposed question because it placed the burden on American Home to show that Brandt was operating the plane or serving as a member of the crew. American Home took the position that it had pled an exception or exclusion to the insurance policy and that thus the burden was upon Brandt to prove that the occurrence in question did not come within the exclusion of the policy. In addition to objecting to the court's proposed question, American Home requested in writing that the court submit the following question to the jury: "Do you find from a preponderance of the evidence that Robert Brandt was riding as a passenger but not as a pilot or crew member in the aircraft on the occasion in question?" The trial court refused to submit the question requested by American Home, but instead submitted the question it had proposed over objection, which placed the burden upon American Home to show that Robert Brandt was operating the plane or serving as a member of the crew.

A trial court has considerable discretion in submitting the case to the jury, including the broad-form submission of the questions, such explanatory instructions and definitions as are proper, and may, in the submission of the case, place the burden of proof by instructions rather than by inclusion in the questions. Tex.R.Civ.P. 277. But, however great the discretion may be in the submission of the case, it does not extend to improperly placing the burden of proof over objection. In this case, suit was filed on the life insurance policy; American Home pled an exception or exclusion to the coverage offered under the policy and now asks us to reverse the case because of the trial court's improper placement of the burden of proof. We conclude that American Home is correct in its position on this issue.

■ Once an insurer pleads an exception to the insurance policy coverage, the burden then shifts to the insured to show that the occurrence did not fall within the exception or exclusion of the policy. *Shaver v. National Title & Abstract Co.,* 361 S.W.2d 867 (Tex.1962); *Britt v. Cambridge Mut. Fire Ins. Co.,* 717 S.W.2d 476 (Tex.App.— San Antonio 1986, no writ); *Southern Ins. v. Progressive County Mut. Ins.,* 708 S.W.2d 549 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.); Tex.R.Civ.P. 94.

■ Loretta Brandt counters that the submission of the case was not erroneous because American Home's objection was too general and further that the court is free to place the burden of proof by instructions and that in order to complain now, American Home had to have requested the trial court to submit an instruction placing the burden of proof. We disagree and we hold that the objection was clear and specific enough. First, it was the only objection to the charge; and second, it was accompanied by an extensive trial brief on the matter. The basis of the objection was clearly and directly placed before the trial court.

■ Furthermore, we hold that American Home was not required to submit in writing a requested instruction which would properly place the burden of proof when in fact the question asked of the jury clearly placed the burden of proof. Even if the court had attempted to place the burden of proof in an instruction, such an instruction could only have confused the jury in light of the clear placement of the burden in the broad-form question submitted. The trial court erred in overruling the objection and in failing to submit an issue like the one requested by American Home. Because of this error, the charge improperly placed the burden on American Home to prove that Brandt came within the exclusionary language of the policy rather than placing the burden upon the insured to show that the occurrence did not come within the exclusion. Because the error

was of a type which was reasonably calculated to cause the rendition of an improper judgment, we must reverse the judgment of the trial court. Tex.R.App.P. 81(b)(1).

■ American Home additionally maintains that the case should not have been submitted to the jury at all because there was insufficient evidence to support the submission and because there was no evidence to support the submission. It argues that the record does not contain any or sufficient evidence that Robert Brandt was merely riding as a passenger and not acting as pilot or a member of the crew at the time of the crash. We treat these contentions as raising only a "no evidence" point. When a jury question has some support in the evidence, the trial court cannot refuse to submit it on the basis that the evidence is insufficient. Rather, the trial court can only refuse to submit the question when there is no evidence to support the question. *See Gulf, Colorado & Santa Fe Railway Company v. Deen*, 158 Tex. 466, 312 S.W.2d 933, *cert. denied*, 358 U.S. 874, 79 S.Ct. 111, 3 L.Ed.2d 105 (1958); *Burke Wiley, Inc. v. Lenderman*, 545 S.W.2d 226 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.).

With this in mind, we consider whether any evidence exists to support the question for the jury. We have already mentioned the nature and extent of the evidence which was offered before the trial court. Although the evidence in this case is not as extensive or as conclusive as one might hope for in a quest for the absolute truth, it may well be that the evidence offered is all that is available under the circumstances. In any instance, there is evidence to support a submission of the question whether Robert Brandt was riding only as a passenger, rather than as the pilot or as a member of the crew of the airplane when it crashed. Thus, American Home's evidentiary complaints are not well taken.

We reverse the trial court's judgment and remand the cause for trial.