E. J. BRIDWELL et ux., Appellants,

v.

CITY OF CENTER, Appellee.

No. 963.

Court of Civil Appeals of Texas, Tyler.

Jan. 20, 1977.

William Drew Perkins, Lufkin, for appellants.

Bennie C. Boles, Center, for appellee.

McKAY, Justice.

This is an eminent domain case. The City of Center (the City), appellee, a municipal corporation duly organized, formed and created under the general laws of the State of Texas, filed proceedings in eminent domain in the district court for fee simple title to the surface estate in and to 104.109 acres of land belonging to E. J. Bridwell and wife, Edna Bridwell. The City was seeking to build a water supply reservoir, dam and spillway; and the property in question was to be used, together with other tracts, for such purpose. The question of damages was submitted to three special commissioners, appointed by the court, who upon notice and hearing awarded appellants $44,830.00 for the fee simple title to the surface estate in the land, to which the appellants duly filed their objections and perfected their appeal therefrom. The matter was tried before a jury in the district court on one special issue inquiring about damages. The charge of the court was not objected to, and no special issues were requested by appellant. Upon the verdict of the jury, the court awarded fee simple title to the surface estate to 104.109 acres to the City, and $52,054.50 in damages to appellants.

Appellants bring four points of error. Point one states, "The Honorable Trial Court erred in entering judgment in this cause because the City of Center, Texas, had no legislative grant of authority to take a portion of Defendant's property for the purpose of acquiring soil for use in the construction of the dam." No assignment of error is included in the amended motion for new trial complaining of the lack of legislative grant of authority in the City to take any part of the land, nor is there any wording approaching such complaint.

Rule 320, Tex.R.C.P., provides, "Each motion for new trial shall . . . specify each ground on which it is founded, and no ground not specified shall be considered." A motion for new trial shall be filed as a prerequisite to appeal, and a matter is not preserved for appellate review without having been included in any assignment of error in the motion or amended motion for new trial. Rule 324, Tex.R.C.P.; *St. Louis Southwestern Railway Co. v. Gregory*, 387 S.W.2d 27, 29 (Tex.1965).

Rule 374, Tex.R.C.P., provides: "The motion for new trial, when required to be filed . . . shall constitute the assignments of error on appeal or writ of error. A ground of error not distinctly set forth in the motion for new trial, in cases where a motion for new trial is required shall be

**390**

considered as waived. . . . " *Hester v. State,* 497 S.W.2d 501, 503 (Tex.Civ.App.-El Paso 1973, writ ref'd n. r. e.). Since the matter complained of in appellants' point of error one is not included in any assignment of error in the amended motion for new trial, and since the situation does not come under any exception to Rule 324, we hold that appellants' first point of error has been waived by failure to assign such point as error in the amended motion for new trial.

Appellants' points of error two, three and four complain of the trial court's failure to submit issues on the following questions, respectively: (2) whether or not defendants' land was taken for the sole purpose of furnishing a site for the construction of a municipal water reservoir, (3) whether or not the City acted "capriciously and arbitrarily" in taking a portion of defendants' land for the purpose of supplying soil for use in the construction of the dam, and (4) whether or not the City acted arbitrarily and capriciously in seeking to take additional land "above the 59.322 acres it originally sought to take from defendant." As pointed out above, appellants made no objections to the court's charge and requested no special issues.

Failure to submit an issue is not a ground for reversal if its submission, in substantially correct wording, has not been requested in writing and tendered by the party complaining of the judgment. Rule 279, Tex.R.C.P.; *Hines v. Pointer,* 523 S.W.2d 733, 743 (Tex.Civ.App.-Ft. Worth 1975, writ ref'd n. r. e.); *Freeman v. Carroll,* 499 S.W.2d 668, 670 (Tex.Civ.App.-Tyler 1973, writ ref'd n. r. e.). Since appellants neither objected to the court's charge nor requested special issues, points of error two, three and four have been waived.

The judgment of the trial court is affirmed.