**STATE FARM FIRE & CASUALTY COMPANY, Appellant,**

v.

**Wanda MILLER, Appellee.**

**No. 05–85–01137–CV.**

Court of Appeals of Texas, Dallas.

May 28, 1986.

Rehearing Denied July 15, 1986.

Joseph W. Stewart, Janet K. Colaneri, Joseph W. Stewart, P.C., Arlington, for appellant.

Edward J. Szymanski, Graham, Bright & Smith, Dallas, for appellee.

Before GUILLOT, McCLUNG and STEWART, JJ.

GUILLOT, Justice.

This appeal, arising from a fire loss, presents issues concerning the applicability of article 21.21 of the Texas Insurance Code, the failure of the trial court to submit issues, and the applicability of rule 279 of the Rules of Civil Procedure. For the reasons below, we reverse and render judgment that appellee, Wanda Miller, take nothing.

### Background

From January 26, 1982 to January 26, 1983, Wanda Miller (Miller) had a renter's insurance policy with State Farm Fire & Casualty Company (State Farm) through the Mike Baker Agency (Baker). Sometime before January 26, 1983, Miller received a renewal notice for coverage in the amount of $30,000. The notice reflected an increase in premium. Miller requested lower coverage on her unscheduled personal property and discussed adding coverage for scheduled jewelry and a fur coat. Rather than sending the premium amount shown in the renewal notice, Miller sent a check for twenty dollars. Miller alleges that this was the amount that Baker told her was necessary for a binder on the unscheduled personal property to be insured for $20,000. State Farm alleges that the twenty dollars was for insuring the jewelry and that Miller was told that it could not be insured until an appraisal of the jewelry was furnished. Miller never furnished an appraisal. Baker testified that he never sent the check to State Farm because it had to be accompanied by an appraisal on the jewelry.

Notice of cancellation for non-payment was sent by State Farm but not received by Miller. After the notice, a fire ravaged Miller's apartment and she suffered stipulated damages in the amount of $20,000.

### Jury Findings and Unsubmitted Issues

The jury found that State Farm made false entries in books, reports, and statements with the intent to deceive agents or examiners lawfully appointed to examine State Farm's affairs. The trial court refused to submit the following issues:

1) Was a contract for insurance formed between Wanda Miller and State Farm?

2) What amount of money would compensate Wanda Miller for State Farm's breach of contract?

3) Did State Farm make any misrepresentations to Wanda Miller which tended to induce Wanda Miller to lapse her insurance?

4) What amount of money would compensate Wanda Miller for the injury she has suffered as a result of such misrepresentations?

### Points of Error

■ In its first point of error, State Farm contends that the trial court erred in rendering judgment because Miller failed to obtain the essential finding that a contract of insurance existed. Miller contends that the issues of the existence of the contract can be deemed in support of the judgment. Alternatively, she asserts in a crosspoint that the court erred in not submitting the issues regarding the existence of the contract.

For Miller to recover on a contract of insurance she must prove that the contract was in force at the time of the loss. *See, Ranger County Mutual Insurance Co. v. Chrysler Credit Corp.,* 501 S.W.2d 295, 297–98 (Tex.1973) (suit on automobile policy where no issues were submitted or requested and court held that insured had duty to show that contract was in force on date of loss); and *Portillo v. Motors Insurance Corp.,* 503 S.W.2d 313, 314 (Tex.Civ. App.—El Paso 1973, no writ). Because Miller did not obtain the essential finding that a contract existed, we must determine if that issue was deemed to be found in support of the judgment.

To be successful on appeal, Miller must show that:

1) there was a ground of recovery consisting of more than one issue;

2) an issue necessarily referable to that ground of recovery was favorably answered by the jury; and

3) the unobjected-to, unsubmitted contract issue was supported by the evidence.

TEX.R.CIV.P. 279.

There is no question in this case that Miller's ground of recovery consisted of three issues, *viz.*, the contract, its breach, and damages. But did the jury answer an issue necessarily referable to this ground of recovery? We hold that it did not and, therefore, we cannot deem the existence of the contract on the date of loss in support of the judgment.

■ The jury found that State Farm made false entries in books, reports, and statements with the intent to deceive agents or examiners lawfully appointed to examine State Farm's affairs, based upon a clerical entry falsely summarizing a telephone conversation between Baker's secretary and Miller and purportedly limiting State Farm's liability. That issue was based on a statutory cause of action whereby Miller alleged that State Farm violated article 21.21, section 4(5)(b) of the Texas Insurance Code. That section reads as follows:

(b) Making any false entry in any book, report or statement of any insurer with intent to deceive any agent or examiner lawfully appointed to examine into its condition or into any of its affairs, or any public official to whom such insurer is required by law to report, or who has authority by law to examine into its condition or into any of its affairs, or, with like intent, wilfully omitting to make a true entry of any material fact pertaining to the business of such insurer in any book, report or statement of such insurer.

TEX.INS.CODE ANN. art. 21.21, § 4(5)(b) (Vernon 1981). Miller contends that she has a private cause of action for the violation as provided by section 16 of article 21.21. We hold that Miller has no private cause of action for violation of article 21.21, section 4(5)(b) and that, even if she does have a cause of action, it is not referable to recovery on the contract.

*Private Cause of Action*

Article 21.21, section 16, of the Texas Insurance Code reads as follows:

Sec. 16. (a) Any person who has been injured by another's engaging in any of the practices declared in Section 4 of this Article or in rules or regulations lawfully adopted by the Board under this Article to be unfair methods of competition and unfair and deceptive acts or practices in the business of insurance or in any practice defined by Section 17.46 of the Business & Commerce Code, as amended, as an unlawful deceptive trade practice may maintain an action against the company or companies engaging in such acts or practices.

(b) In a suit filed under this section, any plaintiff who prevails may obtain:

(1) three times the amount of actual damages plus court costs and attorneys' fees reasonable in relation to the amount of work expended;

(2) an order enjoining such acts or failure to act;

(3) any other relief which the court deems proper.

(c) On a finding by the court that an action under this section was groundless and brought in bad faith or for the purpose of harassment, the court may award to the defendant reasonable attorneys' fees in relation to the amount of work expended.

(d) In an action under this section, damages may not include any damages incurred beyond a point two years prior to the institution of the action.

TEX.INS.CODE ANN. art. 21.21 § 16 (Vernon 1981). For Miller to have a private cause of action afforded by the statute she must prove that she was injured by State Farm's false entry in any book, report, or statement made with the intent to deceive

any agent or examiner lawfully appointed to examine any of State Farm's affairs.

 We have found no cases dealing with a private cause of action based on an alleged violation of article 21.21, section 4(5)(b) of the Insurance Code. The heading of subsection 5 limits it to "False Financial Statements." Moreover, subsection 5 limits the misleading statements to those made with the intent to deceive agents or examiners lawfully appointed to examine an insurance company's financial or other affairs. Miller contends that because her attorney was "appointed" by her to handle the suit he is an "agent ... lawfully appointed to examine" the condition of State Farm and that, therefore, she has a private cause of action. We disagree. The Insurance Code is clear that the Board of Insurance Commissioners or the State Board of Insurance are the only bodies that can appoint agents or examiners to examine the affairs of an insurance company. TEX. INS.CODE ANN. art. 1.15, 1.17 (Vernon 1981). Therefore, subsection 4(5)(b) refers only to agents appointed by the State Board of Insurance or the Board of Insurance Commissioners. There is no evidence that Miller's attorney was appointed by these bodies. We hold that a private attorney who merely handles a suit for an insured on an alleged loss is not an agent lawfully appointed under the terms of section 4(5) of article 21.21 of the Insurance Code. Therefore, Miller has no private cause of action.

 Moreover, even if Miller had a private cause of action against State Farm, it would have to be based on the filing or the making of false financial statements of the insurance company. The denial of coverage—rightfully or wrongfully—is not a misstatement of financial condition as contemplated by section 4(5). That section is not dependent on Miller's having a contract of insurance with State Farm. Thus, we hold that the jury's answers are not referable to Miller's cause of action on the contract. Therefore, we cannot deem a finding of the existence of the contract. We sustain State Farm's first point of error.

State Farm's points of error two through four are based on the contentions that there is no private cause of action for Miller because there is no evidence of a false financial statement made with intent to deceive a "lawfully appointed examiner." For the reasons above, we sustain State Farm's points two through four.

### Miller's Cross-Point

 Miller contends that the trial court erred in not submitting the requested issues mentioned above because they were supported by the pleadings and evidence. The first issue inquired if a contract was formed between Miller and State Farm. This issue is one of a series of interdependent issues, all of which are essential for her theory of recovery based on breach of contract. The issue requested is not in proper form because it fails to limit the contract to the date of loss. Moreover, the interdependent issue of breach of contract is not requested. The trial court need not submit an issue unless it is in substantially correct form. *Shwiff v. Priest*, 650 S.W.2d 894, 901 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.); and *Birdwell v. City of Center*, 546 S.W.2d 388, 390 (Tex.Civ.App.—Tyler 1977, no writ). Because the requested issue did not limit the contract to the date of loss and the interdependent issue of breach of contract was not requested, the request was not in substantially correct form. *Nugent v. Utica Cutlery Company*, 636 S.W.2d 805, 808–9 (Tex.App.—San Antonio 1982, writ dism'd w.o.j.); and *Mata v. Albert*, 548 S.W.2d 496, 499 (Tex.Civ. App.—Eastland 1977, writ ref'd n.r.e.). Thus, the trial court correctly refused Miller's requested contract issue.

 Miller also requested issues on her claim of misrepresentation under section 4(1) of article 21.21. Section 4(1) provides:

Sec. 4. The following are hereby defined as unfair methods of competition and unfair and deceptive acts or practices in the business of insurance:

(1) Misrepresentations and False Advertising of Policy Contracts. Making, issuing, circulating, or causing to be

made, issued or circulated, any estimate, illustration, circular or statement misrepresenting the terms of any policy issued or to be issued or the benefits or advantages promised thereby or the dividends or share of the surplus to be received thereon, or making any false or misleading statements as to the dividends or share of surplus previously paid on similar policies, or making any misleading representation or any misrepresentation as to the financial condition of any insurer, or as to the legal reserve system upon which any life insurer operates, or using any name or title of any policy or class of policies misrepresenting the true nature thereof, or *making any misrepresentation to any policyholder insured in any company for the purpose of inducing or tending to induce such policyholder to lapse, forfeit, or surrender his insurance.* [emphasis added]

TEX.INS.CODE ANN. art. 21.21, § 4(1) (Vernon 1981).

Miller requested the interdependent issues of: (1) whether State Farm made misrepresentations to Miller tending to induce her to lapse her insurance policy; and (2) what amount of money would compensate Miller for the injury she suffered from the misrepresentations. Miller failed to request the interdependent issue of producing cause.

Although article 21.21, section 4(1) does not specifically require a finding of producing cause, the language of section 16 of 21.21 affords relief for "any person who has been injured by another's engaging in" section 4 practices. This language implies not only the existence of a misrepresentation, but also reliance by a plaintiff on the misrepresentation and injuries as a result of this reliance.

By analogy, we also look to the language of article 17.50(a) of the Deceptive Trade Practices Act which requires a finding of producing cause for recovery, even under an article 21.21 cause of action:

(a) a consumer may maintain an action where any of the following constitute a producing cause of actual damages:

(1) the use or employment by any person of a false, misleading, or deceptive act or practice that is specifically enumerated in a subdivision of Subsection (b) of Section 17.46 of this subchapter;

(2) breach of an express or implied warranty;

(3) any unconscionable action or course of action by any person; or

(4) the use or employment by any person of an act or practice in violation of Article 21.21, Texas Insurance Code, as amended, or rules or regulations issued by the State Board of Insurance under Article 21.21, Texas Insurance Code, as amended.

TEX.BUS. & COM.CODE ANN. § 17.50 (Vernon Pamph.1986). We realize that the supreme court in *Hi-Line Electric Co. v. Travelers Insurance Cos.*, 593 S.W.2d 953, 554 (Tex.1980), refused to adopt the conclusion of the court of civil appeals that a private action under article 21.21 of the Insurance Code must be based on the DTPA, but we will not read article 21.21 as not requiring a showing of producing cause where the same cause of action under the DTPA would require a finding of producing cause for recovery. *See, Chambless v. Barry Robinson Farm Supply, Inc.*, 667 S.W.2d 598, 601–02 (Tex.App.—Dallas 1984, writ ref'd n.r.e.).

Therefore, we hold that producing cause is an essential element of Miller's article 21.21, section 4(1) cause of action. In the absence of a producing cause issue, the request was not in substantially correct form. *See, Nugent,* 636 S.W.2d at 808–9. Thus, the trial court correctly refused Miller's requested misrepresentation issues under rule 279 of the Texas Rules of Civil Procedure.

We reverse the judgment of the trial court and we render judgment for State Farm.